## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| PRUDENCE KIRKEGAARD, | ) | |
| | ) | **CASE NUMBER** |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 10-4125-KHV-DJW |
| | ) | |
| GRANT DAVIS, | ) | |
| | ) | |
| Defendant. | ) | |

## D E S I G N A T I O N   O F   P L A C E   O F   T R I A L

The designated place of trial is Topeka, Kansas.

## C O M P L A I N T

**COMES NOW** Plaintiff, **Prudence Kirkegaard**, and for her causes of action against Defendant **Grant Davis** alleges and states as follows:

### I.        PARTIES, JURISDICTION AND VENUE

1. Plaintiff is a resident of the State of Ohio and the surviving spouse of Martin E. Kirkegaard.

2. Defendant Grant Davis is a resident of Kansas, living in Johnson County, Kansas, and may be served with process at his residence, 8833 Ensley Court, Leawood, KS 66206.

3. The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332 and venue is proper in this Court pursuant to 28 U.S.C. Section §1391(a).

## II.     FACTUAL ALLEGATIONS

5.  Martin E. Kirkegaard was injured by the knowing, reckless, and negligent conduct of Eli Lilly and Bristol-Myers Squibb that enabled pharmacist Robert Courtney to dilute the drugs Martin E. Kirkegaard needed to treat his cancer. Martin E. Kirkegaard died January 19, 2001.

6.  Prudence Kirkegaard is the surviving widow of Martin E. Kirkegaard.

7.  Plaintiff hired Defendant as her lawyer to investigate Martin E. Kirkegaard's injuries and to advise her concerning her rights.

8.  Defendant advised Plaintiff that Eli Lilly and Bristol-Myers Squibb had caused Martin E. Kirkegaard injuries and his death had been caused by Eli Lilly and Bristol-Myers Squibb and that Plaintiff should bring an action against Eli Lilly and Bristol-Myers Squibb.

9.  Plaintiff accepted Defendant's advice and authorized Defendant to represent her in an action against Eli Lilly and Bristol Myers Squib.

10. As Plaintiff's lawyer, Defendant had a duty to Plaintiff to at all times be truthful; to fully, fairly and adequately advise her of her legal rights; to fully and thoroughly investigate and evaluate her claims; to fully and competently represent her in the litigation he initiated on her behalf; and to fully and truthfully advise her of her rights concerning offers of settlement and decisions relating to settlement of her claims.

11. Defendant filed suit on behalf of Plaintiff against Eli Lilly and Bristol-Myers Squibb and agreed to competently prosecute that suit diligently and faithfully.

12. At the same time, Defendant represented approximately 80 other persons and families with similar claims against Eli Lilly and Bristol-Myers Squibb, which multiple

representations created the possibility of numerous material conflicts of interest which Defendant was obligated to fully disclose to his clients and which Defendant failed to do.

13. In October, 2002, Defendant made a "Global" settlement with Eli Lilly and Bristol-Myers Squibb pursuant to which Defendant advised the approximately 80 persons and families he represented that each person or family should settle their claims against Eli Lilly and Bristol-Myers Squibb for an unknown and undetermined part of a lump sum aggregate settlement. This agreement is described by the Kansas Supreme Court in *Tilzer v. Davis, Bethune & Jones, L.L.C.*, 288 Kan. 477, 204 P.3d 617 (Kan. 2009), *cert. denied*, 130 S.Ct. 507 (U.S. 2009).

14. This agreement created numerous serious conflicts of interest between Defendant and each of his clients. Defendant had a strong interest to persuade each of his clients to participate in the "Global" aggregate settlement so that he could obtain his aggregate fee.

15. This agreement also created numerous serious conflicts of interest among all of Defendant's clients. Under the aggregate settlement, all of Defendant's clients, including Plaintiff, became competitors for their respective shares of the lump sum to be divided.

16. Pursuant to the agreement with Eli Lilly and Bristol Myers-Squibb, Defendant advised Plaintiff she should participate in the "Global" aggregate settlement.

17. In return for advising Plaintiff to participate in the aggregate settlement, Defendant was assured that he would receive as an aggregate attorney's fee a then determinable amount of money that was many times greater than the amount which any of his clients could receive from the aggregate settlement.

18. It was in Defendant's personal financial interest to advise Plaintiff and his other clients to participate in the aggregate settlement. Defendant had a legal and ethical duty to inform Plaintiff of this fact, but failed to do so.

19. Defendant advised and persuaded Plaintiff to participate in the "Global" aggregate settlement.

20. When Defendant persuaded Plaintiff to participate in the "Global" aggregate settlement, he concealed material facts from her, lied to her, coerced her, and breached his fiduciary duties owed to her.

21. Defendant failed to adequately advise Plaintiff of her legal rights; failed to fully investigate Plaintiff's claims; failed to provide Plaintiff with adequate representation of her individual interests; failed to disclose actual and potential conflicts of interests; failed to fully and truthfully advise Plaintiff of her rights relating to offers of settlement; and failed to prosecute her claims to trial. All such failures were violations of the standards of professional practice and care which are imposed upon Defendant as a licensed and practicing lawyer.

22. Defendant continued to represent Plaintiff after he knew he had conflicting interests without obtaining Plaintiff's informed consent to the continued conflicted representation or any valid waiver of the conflict.

23. Defendant induced Plaintiff to sign a Release and Settlement Agreement with Eli Lilly and Bristol-Myers Squibb which contained a confidentiality provision which shielded Defendant and the drug companies from scrutiny of the manner in which these cases were settled.

24. Plaintiff's signature was obtained by breach of fiduciary duty, negligence, fraud, and coercion.

25. Defendant damaged Plaintiff by taking an attorney's fee he did not earn during the course of his representation of her.

26. Defendant damaged Plaintiff by settling Plaintiff's damage claims against Eli Lilly and Bristol-Myers Squibb for less than they were worth.

27. Because Defendant advised Plaintiff that her claims against Eli Lilly and Bristol-Myers Squibb had merit and because Defendant took attorney's fees from Plaintiff to settle those claims, Defendant is estopped from denying the merit of Plaintiff's claims against Eli Lilly and Bristol-Myers Squibb.

28. Defendant was Plaintiff's only lawyer and Plaintiff had no way of knowing her legal rights other than through the advice of Defendant. Throughout the representation, Defendant knew Plaintiff was relying solely upon his professional knowledge and advice. As such, a fiduciary relationship existed between Plaintiff and Defendant that imposed upon Defendant both a duty to speak and a duty to fully inform Plaintiff of her rights.

29. Because of this fiduciary relationship, Defendant had a duty to fully inform Plaintiff of the facts and knowledge required by Rule 1.8(g) of the Rules of Professional Conduct prior to asking Plaintiff to waive conflicts of interests caused by the aggregate settlement and prior to advising her to sign the Settlement and Release Agreement with Eli Lilly and Bristol-Myers Squibb.

30. The failure of Defendant to properly and adequately represent the interests of Plaintiff was the direct and proximate cause of Plaintiff's injuries, deprived her of the full settlement value of her case in 2002/2003, delayed her achieving a timely remedy for her

damages, and thereby damaged the value of her claims against Eli Lilly and Bristol-Myers Squibb.

31. Because of the fiduciary relationship with Plaintiff, Defendant had and has a duty to inform Plaintiff that Defendant breached his fiduciary duty to Plaintiff and a duty to inform Plaintiff that she has claims or potential claims against him, which duties continue to this day and which duties Defendant has continued to violate.

32. Since inducing Plaintiff to sign the Release and Settlement agreement, Defendant has never informed Plaintiff of his breaches of fiduciary duty; nor has he ever informed Plaintiff that she has claims against him; nor has Defendant informed Plaintiff of the decision by the Kansas Supreme Court in *Tilzer v. Davis, Bethune & Jones, L.L.C.*, *supra*.

33. Jointly with Eli Lilly and Bristol-Myers Squibb, Defendant sought and obtained an order from the Johnson County District Court which was calculated to conceal Plaintiff's claims from her, and to prevent Plaintiff from learning of his misconduct. The order of the Johnson County District Court remained in effect until December, 2009. Defendant should be equitably estopped from asserting the statute of limitations ran during the time his conduct actively concealed Plaintiff's claims from her.

34. Plaintiff first became aware of Defendant's misconduct, and of the claims asserted herein, on June 2, 2010 when she was informed of the decision by the Kansas Supreme Court in *Tilzer v. Davis*, *Bethune & Jones, L.L.C.*, *supra*, by a letter she received on that date.

35. Limitations do not bar any causes of action herein. But to the extent that Defendant may so allege, Plaintiff's lack of actual knowledge of Defendant's breaches of fiduciary duty,

fraud, willful and malicious conduct, and all of her causes of action against him tolled accrual until June 2, 2010.

36. Furthermore, the discovery rule applies to toll accrual of Plaintiff's causes of action because Plaintiff did not discover, and should not have discovered in the exercise of reasonable care and diligence, the facts establishing the elements of Plaintiff's causes of action alleged herein against Defendant, until such a time so that no applicable statute of limitations now prohibits the bringing of this action against Defendant. The fact of injury was not reasonably ascertainable until Plaintiff actually learned that the Global Settlement was an improper aggregate settlement.

37. Finally, the doctrine of equitable estoppel should bar Defendant from raising any limitations defense. Defendant's inequitable conduct, his failure to advise Plaintiff of the conflicts of interest, the secrecy surrounding the aggregate settlement, and failure to disclose violations of Rule 1.8(g) should prohibit Defendant from asserting limitations.

## III.   CLAIMS FOR RELIEF

38. Defendant's conduct deviated from the standard of care and was negligent.

39. Defendant breached his fiduciary duties to Plaintiff.

40. Defendant's conduct was deceptive, deceitful, and fraudulent.

41. Defendant's conduct was willful, knowing, and malicious.

## VI.   DAMAGES AND REMEDIES

42. Defendant should be ordered to disgorge and return all attorneys fees he took from Plaintiff's settlement funds, an amount in excess of $75,000.00.

43. Plaintiff should have a judgment against Defendant for the loss in the value of her claims, and the loss of the settlement value of their claims against Eli Lilly and Bristol-Myers Squibb which amount is in excess of $75,000.00.

44. Plaintiff should have a sufficient award of punitive damages against Defendant to punish him and to deter him and others who are similarly situated from engaging in such conduct in the future.

**WHEREFORE**, Plaintiff prays for judgment against Defendant for the return of the fees SHE paid and for a sum of money to compensate Plaintiff for the loss of the value of her claims against Eli Lilly and Bristol-Myers Squibb for the loss of the settlement value of her claims, along with pre-judgment interest, punitive damages, and such further relief to which Plaintiff is entitled at law and in equity.

Respectfully submitted,

**SKEPNEK LAW FIRM, P.A.**

By:     /s/  William J. Skepnek
William J. Skepnek #10149
P.O. Box 2226
1 Westwood Road
Lawrence, Kansas 66044-2226
Telephone (785) 856-3100
Telecopier (785) 856-3099
e-mail: bskepnek@skepneklaw.com

Steven M. Smoot
State Bar of Texas No. 189774300
SMOOT LAW FIRM, P.C.
8303 Southwest Freeway, Suite 718
Houston, Texas 77074
Telephone (713) 655-1441
Telecopier (713) 655-1447
e-mail: ssmoot@smootlawfirm.com

**ATTORNEYS FOR PLAINTIFFS**

## JURY DEMAND

COME NOW, Plaintiffs, and all of them, and herein demand a trial by jury on all issues so triable.

**SKEPNEK LAW FIRM, P.A.**

By:     _/s/_  William J. Skepnek
William J. Skepnek #10149
P.O. Box 2226
1 Westwood Road
Lawrence, Kansas 66044-2226
Telephone (785) 856-3100
Telecopier (785) 856-3099
e-mail: bskepnek@skepneklaw.com
**ATTORNEYS FOR PLAINTIFFS**