## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| SCOTT BOOTH, et al. | ) | |
| Plaintiffs, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | |
| | ) | No. 10-4010-KHV |
| GRANT DAVIS, | ) | |
| Defendant. | ) | |
| _____ | ) | |
| | ) | |
| DOROTHY SCHMITZ, et al. | ) | |
| Plaintiffs, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | |
| | ) | No. 10-4011-KHV |
| GRANT DAVIS, | ) | |
| Defendant. | ) | |
| _____ | ) | |
| | ) | |
| KIMBERLY CARREL, | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | |
| | ) | No. 10-4124-KHV |
| GRANT DAVIS, | ) | |
| Defendant. | ) | |
| _____ | ) | |
| | ) | |
| PRUDENCE KIRKEGAARD, | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | |
| | ) | No. 10-4125-KHV |
| GRANT DAVIS, | ) | |
| Defendant. | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

On November 9, 2015, the Court ordered the parties to show cause why the sealed filings

in this matter should not be unsealed and why the various pending motions to seal documents (Doc.

##294, 295, 297, 300 and 301 in Case No. 10-4010, Doc. ##271, 272, 274, 277 and 278 in Case

No. 10-4011, Doc. ##247, 248, 250, 253 and 254 in Case No. 10-4124 and Doc. ##221, 222, 224, 227 and 228 in Case No. 10-4125) should not be denied.  See Order To Show Cause (Doc. #302 in Case No. 10-4010, #279 in Case No. 10-4011, #255 in Case No. 10-4124 and #229 in Case No. 10-4125).  This matter is before the Court on the parties' responses and a letter from counsel for Eli Lilly & Co. ("Lilly") and Bristol-Myers Squibb Co. ("BMS"), collectively the "non-party objectors." See Plaintiffs' Memorandum In Response To The Court's Order To Show Cause (Doc. #304 in Case No. 10-4010) filed November 19, 2015; Defendant Grant Davis' Memorandum In Response To The Court's Order To Show Cause (Doc. #303 in Case No. 10-4010) filed November 19, 2015; Letter (Doc. #306 in Case No. 10-4010) filed November 19, 2015.[1]

Federal courts have long recognized a common-law right of access to judicial records. United States v. Apperson, No. 14-3069, 2016 WL 898885, at *6 (10th Cir. Mar. 9, 2016) (citing Mann v. Boatright, 477 F.3d 1140, 1149 (10th Cir. 2007)).  This right stems from the fundamental public interest in understanding disputes that are presented to a public forum for resolution.  See Nixon v. Warner Commc'ns, 435 U.S. 589, 599 (1978); Crystal Grower's Corp. v. Dobbins, 616 F.2d 458, 461 (10th Cir. 1980).  The public interest in district court proceedings includes the assurance that courts are run fairly and that judges are honest.  Crystal Grower's, 616 F.2d at 461-62.  In determining whether documents should be sealed, the Court weighs the public interest, which it presumes is paramount, against the interests advanced by the parties.  Helm v. Kansas, 656 F.3d 1277, 1292 (10th Cir. 2011); Crystal Grower's, 616 F.2d at 461.  The party seeking to overcome the presumption of public access must show that interests which favor non-disclosure outweigh the

---

[1]     The protective order and briefing in all four cases is substantially identical. Accordingly, all references to the protective order, the parties' memoranda and the letter from non-party objectors refer to the docket number of the documents in Case No. 10-4010.

public interest in access to court proceedings and documents.  See Apperson, 2016 WL 898885, at

*6; Colony Ins. Co. v. Burke, 698 F.3d 1222, 1241 (10th Cir. 2012).  The parties must articulate a

real and substantial interest that justifies depriving the public of access to the records that inform

the Court's decision-making process.  Colony Ins., 698 F.3d at 1241; see Gulf Oil Co. v. Bernard,

452 U.S. 89, 102 n.16 (1981) (moving party must submit particular and specific facts, not merely

"stereotyped and conclusory statements").

On January 25, 2011, Magistrate Judge K. Gary Sebelius entered a protective order which

in part protects medical and personal identifying information.  See Protective Order (Doc. #71).  The

parties agree that such information should be sealed.  The Court sustains the motions to seal

documents to the extent that they seek to redact medical and personal identifying information.[2]

Likewise, the parties have shown good cause why medical and personal identifying information

should be sealed.

In addition to medical and personal identifying information, the protective order provides

that "confidential" information includes all documents and materials produced in this case that were

previously subject to a protective order in Tilzer v. Davis, Bethune & Jones, L.L.C., Johnson County

(Kan.) District Court, No. 04-cv-03239, Hayes v. Robert Courtney, Jackson County (Mo.) Circuit

Court, No. 01-cv-218871-01, or any related case.  See Protective Order (Doc. #71) at 1-2.  As to

filings in this matter, the protective order states as follows:

---

[2]       Defendant proposes that the Court seal the documents in their entirety, but he does
not explain why such information cannot simply be redacted from documents which appear to
contain primarily non-protected information.  For example, Defendant Grant Davis' Memorandum
In Opposition To Plaintiffs' Motion For Consolidation Of Cases For Trial (Doc. #295-1) contains
references to Connie Booth's medical diagnosis, but this information is largely a verbatim copy of
defendant's contentions in the pretrial order.  See Redacted Pretrial Order (Doc. #291) filed
August 19, 2015 at 6.

> If any confidential information is used or referred to in any pleading, motion, brief or other paper filed with the Court, the party seeking to file or refer to confidential information will first file a motion with the Court and may be granted leave to file the particular document under seal.

Id. at 3-4. Defendant and non-party objectors argue that all of the sealed and proposed sealed filings which are subject to the protective order should remain sealed in their entireties because they reveal the basic terms and structure of the confidential settlement agreement in the underlying Courtney case. Except to the extent that defendant seeks to seal medical and personal identifying information, plaintiffs oppose defendant's request.

As noted above, the Court starts with the presumption that the public interest in access to court proceedings and documents is paramount. Helm, 656 F.3d at 1292. This presumption is particularly strong here because the Court will rely on the proposed sealed documents to determine the litigants' substantive legal rights. Apperson, 2016 WL 898885, at *6. In addition, the presumption is strengthened here because the circumstances of this case and related cases were (and are) matters of considerable public interest including the safety of prescription drugs available to treat life-threatening illnesses. See generally Pansy v. Borough of Stroudsburg, 23 F.3d 772, 788-89 (3d Cir. 1994) (court should consider whether case involves issues important to public); FTC v. Standard Fin. Mgmt. Corp., 830 F.2d 404, 412 (1st Cir. 1987) (threshold for sealing is elevated if case involves government agency and matters of public concern). In this action for legal malpractice, plaintiffs essentially challenge the disclosure and the fairness of the terms and structure of the underlying settlement. Defendant himself concedes that plaintiffs' claims depend "entirely upon documents and evidence of a confidential settlement." Defendant Grant Davis' Memorandum In Response To The Court's Order To Show Cause (Doc. #303) at 4; see id. (information encompassed by confidential settlement agreement including its terms, history of its negotiation, its

- 4 -

structure and its participants "predominate throughout this entire case").  For the public to fully understand this dispute and the court rulings on the various motions (including defendant's motions for summary judgment), the public needs access to the parties' legal memoranda and the underlying settlement agreements.  See Colony Ins., 698 F.3d at 1241 (declining to seal prior settlement agreements which were at issue in current controversy);[3] see also Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 121 (2d Cir. 2006) (strong presumption attaches where documents used to determine litigants' substantive legal rights); United States v. Cianfrani, 573 F.2d 835, 851 (3d Cir. 1978) (public confidence in judicial system cannot long be maintained where important judicial decisions are made behind closed doors and then announced in conclusive terms with record supporting decision sealed from public view).

Defendant and non-party objectors argue that the Court should seal the documents because the parties agreed to confidentiality as part of the settlements.  Defendant Grant Davis' Memorandum In Response To The Court's Order To Show Cause (Doc. #303) at 2-4; Letter (Doc. #306) at 1-2, 6.  The fact that the parties agreed to keep documents confidential, by itself, is insufficient to overcome the public interest in access to the documents.  See Colony Ins., 698 F.3d at 1241-42; Foltz v. State Farm Mutual Auto. Ins. Co., 331 F.3d 1122, 1137-38 (9th Cir. 2003); Fonseka v. AlfredHouse ElderCare, Inc., No. GJH-14-3498, 2015 WL 3457224, at *2 (D. Md. May 28, 2015); M.F. v. United States, No. C13-1790JLR, 2015 WL 630946, at *3 (W.D. Wash. Feb. 12, 2015).  Moreover, any arguable need to keep documents under seal does not continue in

---

[3]     In an effort to distinguish Colony Insurance, non-party objectors argue that the "settlement documents are not central to the adjudication here."  Letter (Doc. #306) at 6 n.3.  Non-party objectors provide no factual basis for this conclusion, which is contrary to the parties' and the Court's own assessment of plaintiffs' claims.

perpetuity.  The parties in the underlying case settled some 12 years ago.  Other than medical and personal identifying information which can be redacted on an individual basis, neither defendant nor the non-party objectors have presented specific confidentiality concerns related to the disclosure of the documents at this time.  See Colony Ins., 698 F.3d at 1242 (denying motions to seal where parties did not submit specific argument or facts indicating why confidentiality of settlement agreements outweighs presumption of public access); see also Apperson, 2016 WL 898885, at *7 (court cannot justify denying disclosure about confidential informant by endorsing generalized interests regarding confidentiality and potential "chilling effect" in future cases); Gambrell v. Weber Carpet, Inc., No. 10-2131-KHV, 2011 WL 3518172, at *1 (D. Kan. 2011) (rejecting joint request to seal FLSA settlement agreement based on generic confidentiality concerns).

Defendant and non-party objectors argue that unsealing the settlement agreement would discourage settlements generally, Defendant Grant Davis' Memorandum In Response To The Court's Order To Show Cause (Doc. #303) at 5; Letter (Doc. #306) at 4-7, but they have not shown how disclosing a settlement agreement more than a decade later would have any material impact on the negotiation of future settlements.  See Pansy, 23 F.3d at 788-89 (courts should not rely on general interest in encouraging settlement and should require particularized showing of need for confidentiality in reaching settlement); Hall v. Cty. of Fresno, No. 1:11-CV-2047-LJO-BAM, 2016 WL 374550, at *9 (E.D. Cal. Feb. 1, 2016) (mere fact that confidentiality may promote settlement in underlying or future cases not compelling reason to seal).  The Court questions the assumption that parties will not enter a settlement agreement because its terms may be disclosed many years later.  See Pansy, 23 F.3d at 788 (parties might prefer confidentiality, but this does not mean that they would not otherwise settle).  For example, if a case goes to trial, even more "harmful"

information is likely to be disclosed than if the public has access to the terms of the settlement agreement. Id. (quoting United States v. Ky. Utils. Co., 124 F.R.D. 146, 153 (E.D. Ky. 1989), rev'd, 927 F.2d 252 (6th Cir. 1991)). Moreover, even if defendant and non-party objectors had set forth a particularized need for confidentiality to further these particular types of settlements, the interest in furthering settlement is only one factor in the Court's analysis. Pansy, 23 F.3d at 788; see Colony Ins., 698 F.3d at 1241-42.

Defendant and non-party objectors argue that this Court should follow decisions of other courts to uphold the confidentiality of the underlying settlement information. Defendant Grant Davis' Memorandum In Response To The Court's Order To Show Cause (Doc. #303) at 2; Letter (Doc. #306) at 2-5. In Tilzer v. Davis, Bethune & Jones, L.L.C., 288 Kan. 477, 496-97, 204 P.3d 617, 629-30 (2009), the Kansas Supreme Court held that the district court did not abuse its discretion when it ordered that the documents related to the Courtney settlement be sealed. The Kansas Supreme Court relied in part on the assumption that "it is unlikely that a settlement would have been reached in this case without the confidentiality provision." Id. at 496, 204 P.3d at 630. Here, some seven years after Tilzer, this Court re-balances the relevant factors and reaches a different conclusion.[4] In particular, defendant and non-party objectors have not satisfied their burden to show that their interest in non-disclosure of particular documents outweighs the public interest in access to the proceedings. In addition, defendant and non-party objectors have not shown the factual basis for the Kansas Supreme Court's assumption that absent the confidentiality provision, the parties

_____

[4]    Defendant and non-party objectors argue that the protective order in this case also provides authority for sealing the various documents. Judge Sebelius entered the protective order more than five years ago and primarily for the exchange of discovery information. Moreover, the order specifically requires further leave of court to file a document under seal.

would not have settled the underlying case.  While the parties may have insisted on some confidentiality provision, the Court has no reason to believe that the parties would have refused to settle if the proposed confidentiality obligation expired after ten years or had other limitations such as allowing disclosure when the settlement became an issue in another lawsuit.[5]

Non-party objectors point to putative fears that apparently relate to privacy concerns of some 400 plaintiffs in the underlying action.  See Defendant Grant Davis' Memorandum In Response To The Court's Order To Show Cause (Doc. #303) at 5 (disclosure would "irreparably harm" non-parties who continue to have expectation of confidentiality under agreement); Letter (Doc. #306) at 7 (disclosing settlement terms "would undermine the entire process, potentially adversely affecting families who are not part of these cases, and threatening future settlements").  Other than medical information, however, they do not specifically explain any particular type of harm.  Again, as to non-parties who were plaintiffs in the underlying actions, the parties can redact confidential medical and other personal identifying information related to such individuals.

In sum, defendant and non-party objectors have not met their burden to show that their interests in non-disclosure of the various filings outweigh the public interest in access to court proceedings and documents.  Notably absent from the non-party objectors' detailed letter about the history of this case is a single reference to any specific document that the parties propose to place under seal in relation to their motions for consolidation or for summary judgment.  Defendant and

---

[5]     The Kansas Supreme Court apparently accepted the intervenor's argument that the sealing of documents was appropriate because it did not prejudice plaintiffs in prosecuting their legal malpractice action.  288 Kan. at 496, 204 P.3d at 630.  This Court assumes that many individual lawsuits could be conducted in secret "without prejudice" to the parties, but that fact is of limited (if any) importance in determining whether to seal documents in light of the overriding public interest in access.

non-party objectors have failed to satisfy their burden to show how the general interests in confidentiality and the potential privacy interests of others relate to the "particular documents or categories of documents" in this case.[6] <u>Apperson</u>, 2016 WL 898885, at *7.  The Court sustains the various motions to seal to the limited extent that they seek to redact medical or personal identifying information.  Beyond such information, the Court overrules the requests to seal.  In addition, the parties have not shown good cause why the prior documents filed under seal should not be re-filed with only medical and personal identifying information redacted.[7]

**IT IS THEREFORE ORDERED** that in Case No. 10-4010, <u>Defendant's Motion For Leave To File Defendant Grant Davis' Reply In Support Of His Motion For Summary Judgment Under Seal</u> (Doc. #294) filed August 26, 2015; <u>Defendant's Motion For Leave To File Defendant Grant Davis' Memorandum In Opposition To Plaintiffs' Motion For Consolidation Of Cases For Trial Under Seal</u> (Doc. #295) filed August 28, 2015; <u>Plaintiffs' Motion For Leave To File Under Seal</u> (Doc. #297) filed September 11, 2015; <u>Plaintiffs' Motion For Leave To File Under Seal</u> (Doc. #300)

---

[6]     Defendant and non-party objectors seek to seal essentially all briefing on plaintiff's motion to consolidate cases for trial and defendant's motions for summary judgment, but they do not point to specific information in the briefing or exhibits that is necessary to seal.  For example, they seek to seal in their entireties <u>Defendant Grant Davis' Memorandum In Opposition To Plaintiffs' Motion For Consolidation Of Cases For Trial</u> (Doc. #295-1) and <u>Plaintiffs' Reply In Support Of Their Motion For Consolidation Of Cases For Trial</u> (Doc. #297-1), but neither memorandum appears to contain any information about the settlement that is not already revealed in other unsealed judicial filings or orders.  In any event, except to the limited extent of redacted medical and personal identifying information, for reasons explained above, the Court declines to seal the documents related to settlement.

[7]     Non-party objectors state that should "the Court be inclined to unseal the confidential settlement documents, Lilly and BMS respectfully request the opportunity to be heard prior to the unsealing."  Letter (Doc. #306) at 8.  Non-party objectors had ample opportunity to be heard on the issue and the Court does not believe that further briefing or argument is necessary.  Accordingly, the Court overrules the request of non-party objectors to be further heard on the issue.

filed October 14, 2015 and Defendant's Motion For Leave To File Defendant Grant Davis' Reply In Support Of His Third Motion For Summary Judgment Under Seal (Doc. #301) filed October 29, 2015 be and hereby are **SUSTAINED in part**.  **On or before April 4, 2016, the parties shall file** <u>**unsealed**</u> **copies of the proposed sealed documents attached to the motions to seal (Doc. ##294, 295, 297, 300 and 301), and redact any confidential medical or personal identifying information.  The parties shall file** <u>**sealed**</u> **copies of the proposed sealed documents which are unredacted.**

      **IT IS FURTHER ORDERED** that in Case No. 10-4011, Defendant's Motion For Leave To File Defendant Grant Davis' Reply In Support Of His Motion For Summary Judgment Under Seal (Doc. #271) filed August 24, 2015; Defendant's Motion For Leave To File Defendant Grant Davis' Memorandum In Opposition To Plaintiffs' Motion For Consolidation Of Cases For Trial Under Seal (Doc. #272) filed August 28, 2015; Plaintiffs' Motion For Leave To File Under Seal (Doc. #274) filed September 11, 2015; Plaintiffs' Motion For Leave To File Under Seal (Doc. #277) filed October 14, 2015 and Defendant's Motion For Leave To File Defendant Grant Davis' Reply In Support Of His Second Motion For Summary Judgment Under Seal (Doc. #278) filed October 29, 2015 be and hereby are **SUSTAINED in part**.  **On or before April 4, 2016, the parties shall file** <u>**unsealed**</u> **copies of the proposed sealed documents attached to the motions to seal (Doc. ##271, 272, 274, 277 and 278), and redact any confidential medical or personal identifying information.  The parties shall file** <u>**sealed**</u> **copies of the proposed sealed documents which are unredacted.**

      **IT IS FURTHER ORDERED** that in Case No. 10-4124, Defendant's Motion For Leave To File Defendant Grant Davis' Reply In Support Of His Motion For Summary Judgment Under

Seal (Doc. #247) filed August 24, 2015; Defendant's Motion For Leave To File Defendant Grant Davis' Memorandum In Opposition To Plaintiffs' Motion For Consolidation Of Cases For Trial Under Seal (Doc. #248) filed August 28, 2015; Plaintiffs' Motion For Leave To File Under Seal (Doc. #250) filed September 11, 2015; Plaintiffs' Motion For Leave To File Under Seal (Doc. #253) filed October 14, 2015 and Defendant's Motion For Leave To File Defendant Grant Davis' Reply In Support Of His Second Motion For Summary Judgment Under Seal (Doc. #254) filed October 29, 2015 be and hereby are **SUSTAINED in part**.  **On or before April 4, 2016, the parties shall file unsealed copies of the proposed sealed documents attached to the motions to seal (Doc. ##247, 248, 250, 253 and 254), and redact any confidential medical or personal identifying information.  The parties shall file sealed copies of the proposed sealed documents which are unredacted.**

**IT IS FURTHER ORDERED** that in Case No. 10-4125, Defendant's Motion For Leave To File Defendant Grant Davis' Reply In Support Of His Motion For Summary Judgment Under Seal (Doc. #221) filed August 24, 2015; Defendant's Motion For Leave To File Defendant Grant Davis' Memorandum In Opposition To Plaintiffs' Motion For Consolidation Of Cases For Trial Under Seal (Doc. #222) filed August 28, 2015; Plaintiffs' Motion For Leave To File Under Seal (Doc. #224) filed September 11, 2015; Plaintiffs' Motion For Leave To File Under Seal (Doc. #227) filed October 14, 2015 and Defendant's Motion For Leave To File Defendant Grant Davis' Reply In Support Of His Second Motion For Summary Judgment Under Seal (Doc. #228) filed October 29, 2015 be and hereby are **SUSTAINED in part**.  **On or before April 4, 2016, the parties shall file unsealed copies of the proposed sealed documents attached to the motions to seal (Doc. ##221, 222, 224, 227 and 228), and redact any confidential medical or personal identifying**

information.  The parties shall file <u>sealed</u> copies of the proposed sealed documents which are unredacted.

IT IS FURTHER ORDERED that in Case Nos. 10-4010, 10-4011, 10-4124 and 10-4125, on or before April 11, 2016, the parties shall file public versions of all documents previously filed under seal and redact only confidential medical or personal identifying information.

Dated this 23rd day of March, 2016 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

- 12-